FILED

2003 OCT 27 A 11:58

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN PROVASOLI, | : | NO. 3:01 CV 02434 (SRU) |
| V. | : | |
| TOWN OF EAST HAVEN,<br>ANTHONY D. MOSCATO,<br>DENNIS JOHNSON and JOHN DOE (1-6) | : | OCTOBER 22, 2003 |

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S LOCAL RULE 56 (a)(2) STATEMENT**

Pursuant to Federal Rule Civil Procedure 56(c) and Local Rule 56, the Defendants hereby submit their response to the Plaintiff's Local Rule 56 Statement dated September 21, 2003.

1. Admitted.

2. The Defendants admit that the Plaintiff was involved with a woman who suffered from severe psychiatric problems for approximately two years prior to the events alleged in this action. They deny however, that this individual's condition often made it necessary for the Plaintiff to seek police assistance in dealing with her.

3. The Defendants deny that the property the Plaintiff owned at 14 Vernon Street in East Haven was a "work in progress" which was in the process of ongoing construction and

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PROVASOLI\RESPONSE TO PL'S RULE 56 STATEMENT.DOC

revision. The Defendants agree with the remaining statements contained in Paragraph 3 of the Plaintiff's Statement of Material Facts.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Denied.

    10.    Denied.

    11.    Denied.

    12.    Denied.

The statements submitted by the Plaintiff statement cannot serve as a proper basis to oppose a summary judgment motion. Factual statements masquerading as legal conclusions are insufficient to raise a legitimate issue of material fact. See Abramowitz v. Ogrinc, 2002 WL 32124965 at * 3 (D. Conn. Sept. 9, 2002)(The submission of legal argument and conclusions of law do not serve the purpose of Local Rule [56]); Tunnell v. United Techs. Corp., 54 F.Supp.2d 136, 136 (D. Conn. 1999)(Unsupported assertions and conclusions of the nonmoving party are not enough to overcome a well-pleaded summary judgment motion). For a plaintiff in a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PROVASOLI\RESPONSE TO PL'S RULE 56 STATEMENT.DOC

discrimination case to survive a motion for summary judgment, he must do more than present "conclusory allegations of discrimination." <u>Meiri v. Dacon</u>, 759 F.2d 989 (2nd Cir. 1985). A mere suggestion of evidence in support of plaintiff's position will not suffice. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)(plaintiff must submit affirmative evidence in order to defeat a properly supported summary judgment motion).

The Defendants deny certain statements of material fact submitted by the Plaintiff because they are entirely self-serving and merely restate the allegations contained in the Plaintiff's complaint. In particular, the Defendants take issue with the Plaintiff's allegation that he has been "treated differently from other similarly-situated property owners in East Haven who have made repeated '911' calls." (Pl.'s Statement of Material Facts, ¶ 12). This statement is merely a conclusory allegation of discrimination that remains the central disputed issue in this case.[1] While the Plaintiff has had ample opportunity to conduct discovery in order to gather evidence in support of this claim, he has failed to sustain his burden.[2]

---

[1] Rule 56 of the Federal Rules of Civil Procedure provides that plaintiff may not oppose summary judgment simply by relying upon the allegations in his complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.

[2] The plaintiff had almost two years to conduct discovery in order to marshal evidence in support of his claim. It is interesting to note, however, that during the pendency of this case, Plaintiff's counsel did not serve any discovery requests or take even one deposition.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\PROVASOLI\RESPONSE TO PL'S RULE 56 STATEMENT.DOC

Accordingly, for the reasons stated in the Defendants' Motion for Summary Judgment and Memorandum of Law in Support thereof dated September 2, 2003, and because the Plaintiff has failed to present any affidavits or other evidence to controvert any of the pertinent assertions in the Defendants' moving papers, summary judgment should be granted in favor of the Defendants.

THE DEFENDANTS,
TOWN OF EAST HAVEN,
ANTHONY D. MOSCATO,
DENNIS JOHNSON and
JOHN DOE (1-6)

BY: _____
HUGH F. KEEFE, ESQ.
52 Trumbull Street
New Haven, CT 06510
(203) 787-0275
Federal Bar No. ct05106

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PROVASOLI\RESPONSE TO PL'S RULE 56 STATEMENT.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on October 22, 2003 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\PROVASOLI\RESPONSE TO PL'S RULE 56 STATEMENT.DOC